Gerard McCLUSKEY, Plaintiff–
Counter–Defendant–
Appellant,

Jeanne Powell, Plaintiff,

v.

J.P. McHALE PEST MANAGEMENT,
INC., Defendant–Counter–
Claimant–Appellee,

* The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

Douglas McHale, Richard D. McHale and James P. McHale Jr., Defendants–Appellees.

Docket No. 04–5489–CV.

United States Court of Appeals, Second Circuit.

Aug. 3, 2005.

Michael Sweeney (Dan Getman, Tara Bernstein), Law Office of Dan Getman, New Paltz, NY, for Appellant, of counsel.

Joseph DeGiuseppe, Jr. (Susan M. Corcoran), Jackson Lewis LLP, White Plains, NY., for Appellee, of counsel.

PRESENT: STRAUB, SACK, Circuit Judges, and KRAVITZ, District Judge.*

## SUMMARY ORDER

Plaintiff Gerard McCluskey appeals from the district court's dismissal, on summary judgment, of his complaint alleging unpaid overtime and other wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 203, 207 *et seq.*, and New York law. The district court concluded that the plaintiff worked as an "outside salesperson" and was therefore exempt from the overtime provisions of the FLSA.

"We review a district court's grant of summary judgment *de novo* and determine whether the court properly concluded that there was no genuine issue of material fact so that the moving party was entitled to judgment as a matter of law." *Rubens v. Mason*, 387 F.3d 183, 188 (2d Cir.2004).

The FLSA requires that covered employees shall be paid at a rate of one-and-one-half times their regular rate for every hour they work in excess of forty in a given week. *See* 29 U.S.C. § 207(a)(1). Among those exempt from the Act's terms are employees who work "in the capacity of outside salesman" as that term is defined by Department of Labor regulations. *Id.* § 213(a)(1). Those regulations, in turn, define an "outside salesman" as any employee "[w]ho is employed for the purpose of and who is customarily and regularly engaged away from his employer's

---

* The Honorable Mark R. Kravitz, United States District Judge, District of Connecticut, sitting     by designation.

place or places of business in" selling products or services, and "[w]hose hours of work of a nature other than that described ... do not exceed 20 percent of the hours worked in the workweek by nonexempt employees of the employer." 29 C.F.R. § 541.5. The regulations note that "work performed incidental to and in conjunction with the employee's own outside sales or solicitations ... shall not be regarded as nonexempt work." *Id.* And they stipulate that the twenty percent limitation on nonexempt work "is computed on the basis of the hours worked by nonexempt employees of the employer who perform the kind of nonexempt work performed by the outside salesman," but that "[i]f there are no employees of the employer performing such nonexempt work, the base to be taken is 40 hours a week, and the amount of nonexempt work allowed will be 8 hours a week." *Id.* § 541.507. In applying these regulations, we construe the outside sales exemption narrowly to further the remedial purpose of the statute, and only apply the exemption if "unmistakably" directed to do so. *A.H. Phillips, Inc. v. Walling,* 324 U.S. 490, 493, 65 S.Ct. 807, 89 L.Ed. 1095 (1945); *Coke v. Long Island Care At Home, Ltd.,* 376 F.3d 118, 123 (2d Cir. 2004).

In reaching its conclusion, the district court noted that McCluskey "concedes that 60% of his time was spent as an outside salesman selling tree and turf services," and that of the remaining 40 percent, "[m]ost of [it] ... is either incidental to the work of an outside salesman, or arguably, managerial." *McCluskey v. J.P. McHale Pest Management, Inc.,* No. 03 Civ. 3636(CLB), slip op. at 3 (S.D.N.Y. Sep. 9, 2004) (mem. and order). This other work, the court determined, "may be relied on by Defendants to supply the gap between the conceded 60% of sales work, and the [20%] figure for work related thereto or other exempt work, required to reach 80%." *Id.* at 3–4.

McCluskey argues that the district court erred by rejecting his claim on the basis that he spent eighty percent of his time performing exempt work—and therefore did not devote more than twenty percent of his time to non-exempt work—rather than determining whether he spent more than eight hours per week performing nonexempt work. He also contends that the court erred by concluding that most of his sales were "outside" sales, and that his "customer service" work was "incidental" to those outside sales.

We agree with McCluskey that ordinarily, the relevant question under the statute would be whether his non-exempt work exceeded "20 percent of the hours worked in the workweek *by nonexempt employees* of the employer," 29 C.F.R. § 541.5, and not, as the district court's decision suggests, whether McCluskey spent more than twenty percent of *his own* workweek performing non-exempt work. Here, McCluskey contends that "there are *no* non-exempt employees ... who performed similar non-exempt work," Appellant's Br. at 25 (emphasis added), and McHale does not contest this assertion. Accordingly, the relevant threshold under the statute is simply eight hours, 29 C.F.R. § 541.507, and the relevant question is whether McCluskey performed more than eight hours of non-exempt work in those weeks in which he worked more than forty hours. This is a question the district court did not purport to answer, and considering the evidence before it in the light most favorable to McCluskey, it is difficult to see how it could have.

This error would be irrelevant, however, if McHale succeeded in demonstrating that McCluskey did not perform *any* non-exempt work. The district court, of course, made no such finding, and indeed suggested otherwise insofar as it concluded that *"[m]ost* of the work [McCluskey] described ... is either incidental to the work of an

outside salesman, or arguably, managerial," *McCluskey,* No. 03 Civ. 3636(CLB), slip op. at 3 (emphasis added), thereby implying that *some* of it was not.

Moreover, the precise nature of McCluskey's work, and how much time he spent performing various aspects of it, are plainly material facts that are contested by McCluskey and his former employer. *Cf. Nielsen v. Devry, Inc.,* 302 F.Supp.2d 747, 756 (W.D.Mich.2003) ("In deciding whether an employee is an outside salesperson, the Court must look beyond labels and descriptions and also *inquire into the particular facts* of the actual work performed." (emphasis added)). McCluskey, for example, introduced evidence that he was paid both on salary and on commission, while other salesmen were paid only on commission, a fact that, taken in the light most favorable to McCluskey, suggests that he *might* have had at least some non-sales related responsibilities. Similarly, McCluskey contends that he was responsible for handling the complaints of customers who had been sold services by other McHale employees, a task he describes as not primarily sales-related, but which McHale argues was, because McCluskey's job was to "upsell" these unhappy customers other McHale services. This factual dispute, plainly material to the outcome of the case, may ultimately be resolved by a jury in McHale's favor. But it cannot be resolved, at this stage, based on the evidence before us, and it was error for the district court to conclude otherwise.

For the foregoing reasons, the judgment of the district court is hereby VACATED and the case is REMANDED for further proceedings consistent with this order.